TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN


═══════════════
NO. 03-03-00566-CR
═══════════════


Adrian D. Lagunas, Appellant

v.

The State of Texas, Appellee


═════════════════════════════════════════════════════════════════
FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. CR2003-104, HONORABLE GARY L. STEEL, JUDGE PRESIDING
═════════════════════════════════════════════════════════════════
 
O R D E R

PER CURIAM
 
                        Appellant has raised an issue under the Confrontation Clause. See U.S. Const. amend
VI. The parties have not yet addressed the possible implications of Crawford v. Washington, 541
U.S. 36 (2004), regarding that issue. We are to apply Crawford to pending cases, including this one. 
See Schriro v. Summerlin, 124 S. Ct. 2519, 2622-23 (2004); Griffith v. Kentucky, 479 U.S. 314,
320-328 (1987) (new rules always have retroactive application to criminal cases pending on direct
review).
                        Accordingly, we request that the parties file a supplemental brief specifically
addressing the following:
 
1.    Discuss the implications, if any, of Crawford, concerning the admissibility of
declarations made by D.M., which were introduced at trial through Officer
Sullivan.
2.   Would our application of Crawford differ due to the fact that:
 
       (a)   the declarant was a child, or
 
       (b)  the declarant was ruled incompetent to testify for reasons relating to her age
and maturity?
 
3.   Was the admission of D.M.’s declarations, if error, harmless?
 
 
                        The appellant’s supplemental brief shall be filed no later than April 18, 2005, and the
appellee’s response shall be filed no later than May 9, 2005.
                        It is ordered March 25, 2005.
 
Before Chief Justice Law, Justices B. A. Smith and Pemberton
Do Not Publish